IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTORIA WINN and THADDEAUS WINN,
individually and as parents and natural
guardians of their minor child, RAFE WINN,

        Plaintiffs,

vs.                              No. 1:14-1113

CARLSBAD MEDICAL CENTER LLC and
ON-LINE RADIOLOGY MEDICAL GROUP
INC.,

        Defendants.

## COMPLAINT FOR MEDICAL NEGLIGENCE, RESPONDENT SUPERIOR, PERSONAL INJURIES AND VIOLATIONS OF UNFAIR PRACTICES ACT

COME NOW Plaintiffs Victoria Winn and Thaddeaus Winn, individually and as parents and natural guardians of their minor child, Rafe Winn, by and through their attorney of record, Will Ferguson & Associates (Robert C. Gutierrez) and pursuant to the Federal Rules of Civil Procedure, hereby state for their complaint the following:

### GENERAL FACTUAL ALLEGATIONS AND ALLEGATIONS OF JURISDICTION THAT ARE COMMON TO ALL COUNTS OF COMPLAINT

1.     This is a civil lawsuit for personal injuries and other damages resulting from the Defendants' negligent failure to appropriately diagnose and treat appendicitis in the eleven (11) year old minor Plaintiff Rafe Winn on February 24th and 25th, 2014 at the local hospital in Carlsbad New Mexico.

2.     The Plaintiffs Victoria Winn and Plaintiff Thaddeaus Winn, husband and wife, are the parents and natural guardians of the minor Plaintiff, Rafe Winn, and are a citizens/residents of Carlsbad New Mexico.

3.      Upon reasonable information and belief, the Defendant Carlsbad Medical Center, LLC, is and was at all relevant times to this complaint a foreign for profit Delaware limited liability company with its principal place of business located at 2430 W. Pierce St., Carlsbad, New Mexico 88220, and was doing business in Carlsbad, New Mexico as the Carlsbad Medical Center for the purpose of providing medical healthcare services to the public.

4.      At all times material to this complaint, the Carlsbad Medical Center held itself out as the community healthcare provider; that it was a 115-bed facility with inpatient, outpatient, diagnostic, medical, surgical and emergency services; that it had 40 healthcare professionals to care for the public it served; and that it is an accredited hospital with a Level III Trauma Center.

5.      At all times material to this complaint, Defendant Carlsbad Medical Center LLC was not a qualified health care provider within the meaning of the New Mexico Medical Malpractice Act.

6.      Upon reasonable information and belief, the Defendant, On-Line Radiology Medical Group Inc., is and was at all relevant times to this complaint a foreign for profit California corporation and was doing business in Carlsbad New Mexico for the purpose of providing radiology medical services through Co-Defendant, Carlsbad Medical Center LLC d/b/a Carlsbad Medical Center.

7.      At all times material to this complaint, Defendant On-Line Radiology Medical Group. Inc., was not a qualified health care provider within the meaning of the New Mexico Medical Malpractice Act.

8.      The medical treatment at issue in this lawsuit occurred on or about February 24th and 25th, 2014 at the Carlsbad Medical Center in Carlsbad, New Mexico.

9.      On Monday morning, February 24, 2014, the minor Plaintiff Rafe Winn (DOB 07/16/2002) was taken by his parents, the Plaintiffs  Victoria Winn and Thaddeaus Winn, to his pediatrician, Dr.

Kwok Sung, because Rafe had nausea and vomiting overnight, intense stomach pain, no appetite and some fever.  After talking with Rafe and his parents and conducting a brief physical, Dr. Sung decided to admit Rafe directly to the Carlsbad Medical Center to rule out a possible appendicitis.

10.    Rafe  was admitted to the Carlsbad Medical Center at approximately 10:19 am on February 24th, 2014, with a diagnosis of "acute abdominal pain, rule out appendicitis" and he underwent testing that included among other things an abdominal CT Scan.

11.    The abdominal CT with contrast was ordered by Dr. Sung at approximately 10:52 am,  was performed at the Carlsbad Medical Center about 3:05 pm on the 24th and was wrongly  interpreted about 3:35 pm on February 24th, 2014 by the Defendant On-Line Radiology Group Inc.'s radiologist David Wells MD as showing: "No evidence of acute appendicitis." Dr. Wells mistakenly believed the abnormal abdominal findings were suggestive of mesenteric adenitis.

12.    Dr. Sung either negligently failed to personally examine the 3:05 pm abdominal CT with contrast or also wrongly interpreted the scan as not showing evidence of acute appendicitis.

13.    Dr. Sung never ordered a surgical consultation for Rafe, even though Rafe exhibited signs of appendicitis, had complaints consistent with an acute abdomen and he didn't get better while hospitalized at Carlsbad Medical Center.

14.    On February 24th and 25th , 2014, the Defendants,  Carlsbad Medical Center, LLC and On-Line Radiology Group Inc., negligently failed to evaluate, diagnose and treat Rafe Winn for an acute inflamed appendix / appendicitis.

15.    When the Defendants failed to determine the cause of their son Rafe's severe abdominal pain and didn't seem to be doing anything make their son better, the Plaintiffs, Victoria Winn and Thaddeaus Winn, demanded that Rafe be transferred to the hospital in Lubbock, Texas.

16.     Between about 2:30 to 3:00pm on February 25th, Rafe was taken by CarePlus Ambulance from Carlsbad Medical Center to the University Medical Center at Texas Tech University in Lubbock Texas.

17.     When members of the University Medical Center surgical department looked at the Carlsbad Medical Center's February 24th abdominal CT Scan for themselves, they diagnosed Rafe with an acute appendicitis, which was subsequently confirmed by a follow up right lower quadrant sonography.

18.     On or about February 27th  Rafe underwent abdominal surgery at the University Medical Center consisting of  laparoscopic appendectomy for  right lower quadrant inflammatory process, but by that time his appendix had ruptured causing additional injuries, pain and infection, which also required additional surgery, medication and recovery time. Following surgery Rafe underwent antibiotic treatment and was initially discharged on March 4th,  2014, but Rafe had to be hospitalized a second time from March 6th through the 8th, 2014, because of continued infection issues. The medical bills from University Medical Center total about $37,657.95 and the ambulance transportation cost about $2,515.11.

19.     This court has subject matter jurisdiction and personal jurisdiction over this matter and all the parties pursuant to  28 U.S.C. § 1332, because the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs and the controversy is between citizens of different states. Further, Defendants have acquiesced to the personal jurisdiction of this court through their actions of providing medical services at the local hospital in Carlsbad New Mexico, pursuant to the New Mexico Long Arm Statute, NMSA § 38-1-16 (1971).

### COUNT I - LIABILITY OF DEFENDANT CARLSBAD MEDICAL CENTER LLC
#### UNDER DOCTRINE OF *RESPONDEAT SUPERIOR* AND LIABILITY FOR MEDICAL NEGLIGENCE

20.     Plaintiffs re-allege and incorporate herein as though set forth in the preceding paragraphs of this complaint.

21.     The medical personnel at Carlsbad Medical Center who provided medical care to the minor Plaintiff Rafe Winn on February 24th and 25th, 2014, including but not limited to Dr. Kwok Sung and Dr. David Wells,  were employees, ostensible employees, agents and/or apparent agents of Defendant Carlsbad Medical Center LLC and were acting within the scope and course of their employment or agency at all such times.

22.     Under New Mexico law, Defendant Carlsbad Medical Center LLC, as the employer or principal of said employees, ostensible employees, agents and/or apparent agents is vicariously liable for any negligent acts or omissions of Carlsbad Medical Center's medical personnel under the doctrine of *Respondeat Superior.*

23.     Defendant Carlsbad Medical Center LLC d/b/a Carlsbad Medical Center through its doctors, radiologists, nurses, employees, ostensible employees, agents and/or apparent agents were under a duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well qualified hospital medical providers, practicing under same or similar circumstances, giving due consideration to the locality involved.

24.     Defendant Carlsbad Medical Center LLC d/b/a Carlsbad Medical Center failed to possess and apply the knowledge, skill and care ordinarily used by a reasonably well qualified hospital medical providers acting under same or similar circumstances and giving due consideration to the locality involved when providing medical diagnoses, treatment and care of the minor Plaintiff Rafe

Winn on February 24th  and 25th, 2014.

25.     Through its doctors, radiologists, nurses, employees, ostensible employees, agents and/or apparent agents, Defendant Carlsbad Medical Center LLC breached its duties to the Plaintiffs in one or more of the following ways:

    a.      failing to appropriately and timely examine, evaluate, test, diagnose and treat Rafe for appendicitis during his hospitalization of February 24th and 25th, 2014 at the Carlsbad Medical Center;

    b.      failing to correctly read and interpret the February 24th 2014 abdominal CT Scan performed at the Carlsbad Medical Center;

    c.      failing to provide Rafe with a surgical consultation for his acute abdomen or potential appendicitis at any time during his hospitalization of February 24th and 25th, 2014 at the Carlsbad Medical Center; and/or

    d.      otherwise failing to act as a reasonably prudent hospital medical provider for a patient admitted under a diagnosis of "acute abdominal pain, rule out appendicitis".

26.     The medical negligence of the Defendant Carlsbad Medical Center LLC also includes failing to implement and/or follow reasonably appropriate hospital policies and procedures for the appropriate and timely examination, evaluation, testing, diagnosis and treatment of its patient admitted to the hospital for acute abdominal pain requiring the need to rule out appendicitis.

27.     Defendant Carlsbad Medical Center LLC's negligence was a cause of the minor Rafe Winn's injuries and damages, including but not limited to additional injuries, pain and infection that required additional medical treatment, and it is reasonably likely Rafe will require  further related medical treatment for abdominal adhesions or other related care during his life.

WHEREFORE, Plaintiffs Victoria Winn and Thaddeaus Winn, individually and as parents and natural guardians of the Plaintiff minor child, Rafe Winn, pray for reasonable compensatory damages against Defendant Carlsbad Medical Center LLC in an amount to be proven at trial, for their costs, for prejudgment and post-judgment interest and for such other and further relief as may be permitted by law.

### COUNT II - LIABILITY OF DEFENDANT CARLSBAD MEDICAL CENTER LLC FOR BY STANDER RECOVERY CLAIMS OF VICTORIA WINN AND THADDEAUS WINN

28.     Plaintiffs re-allege and incorporate herein as though set forth in full the preceding paragraphs of this complaint.

29.     At all times material hereto, Plaintiffs Victoria Winn and Thaddeaus Winn were with their minor child, Rafe Winn and witnessed the aforesaid pain, suffering, injuries and damage to Rafe. These Plaintiffs witnessed  the medical personnel Carlsbad Medical Center LLC failing to appropriately and timely examine, evaluate, test, diagnose and treat Rafe for appendicitis despite repeatedly telling the medical personnel of Carlsbad Medical Center LLC, including its doctors, nurses, radiologists, employees, ostensible employees, agents and/or apparent agents, that something was grievously wrong with Rafe and  that they feared Rafe was suffering from an appendicitis.

30.     Consequently, these Plaintiffs witnessed Rafe's unnecessary  pain and suffering caused by the aforementioned negligent acts and omissions of Defendant Carlsbad Medical Center LLC as well as having to arrange for ambulance transfer of their son to another medical facility where he required subsequent additional medical treatment and care necessitated by said Defendant's negligent acts and omissions.

WHEREFORE, Plaintiffs Victoria Winn and Thaddeaus Winn, individually as the parents and natural guardians of their minor child, Rafe Winn, pray for reasonable compensatory damages

against Defendant Carlsbad Medical Center LLC in an amount to be proven at trial, for their costs, for prejudgment and post-judgment interest and for such other and further relief as may be permitted by law.

### COUNT III - LIABILITY OF DEFENDANT CARLSBAD MEDICAL CENTER LLC FOR VIOLATIONS OF THE UNFAIR CLAIMS PRACTICES ACT

31.     Plaintiffs re-allege and incorporate herein as though set forth in the preceding paragraphs of this complaint.

32.     The Plaintiffs paid for and maintained health insurance with Blue Cross Blue Shield of New Mexico (hereinafter also BC/BS), which was effective at the time of the subject medical services and costs.

33.     The Plaintiffs' Health Insurance information was provided to Defendant Carlsbad Medical Center LLC d/b/a Carlsbad Medical Center  at the time of the subject medical services and recorded by Defendant in its own records starting at page one of its record.

34.     Defendant Carlsbad Medical Center LLC   negligently or wrongly failed to submit for processing the subject medical costs/billings for medical services to Plaintiffs' health insurance carrier, BC/BS in a timely manner in accordance with standard practice and procedures and its contract with at  BC/BS.

35.     The other the local medical providers in Carlsbad New Mexico, including the ambulance service and laboratory, who obtained Plaintiffs' health insurance information from the Defendant Carlsbad Medical Center, had no problem submitting their billings to BC/BS and had their billings paid by BCBS.

36.     After Defendant Carlsbad Medical Center LLC failed to follow established procedure for submitting Plaintiffs' billings for payment directly to Plaintiffs' BC/BS health insurance carrier, the

Defendant then compounded its mistakes by hiring attorneys to wrongfully sue the Plaintiffs for collection of a wrongful or improper debt.

37.     When Plaintiffs brought the aforementioned wrongful collection situation to the attention of Defendant Carlsbad Medical Center LLC , it still refused to submit the billings to BC/BS and continued with its wrongful debt collection.

38.     Through its aforementioned wrongful actions and inactions the Defendant Carlsbad Medical Center LLC engaged in "unfair or deceptive trade practice" in violation §57-7-2 NMSA and §57-12-3 NMSA.

39.     The Plaintiffs have been damaged by the unfair and deceptive trade practices of Defendant Carlsbad Medical Center LLC and they are entitled to actual damages incurred pursuant to § 57-12-10 B NMSA.

40.     Because Defendant Carlsbad Medical Center LLC willfully engaged in unfair and deceptive trade practices, the Plaintiffs are entitled to treble their actual damages pursuant to § 57-12-10 (B) NMSA.

41.     Because Defendant Carlsbad Medical Center LLC engaged in the unfair and deceptive trade practices, the Plaintiffs are entitled to their attorney fees and costs pursuant to §57-12-10 (C) NMSA.

42.      Defendant Carlsbad Medical Center LLC's unfair and deceptive trade practices were a cause of Plaintiffs' injuries and damages.

        WHEREFORE, Plaintiffs Victoria Winn and Thaddeaus Winn pray for Unfair Practices Act damages against Defendant Carlsbad Medical Center LLC in an amount to be proven at trial, for their actual damages, for treble their actual damages as allowed by the UPA, for their attorney fees

and costs as allowed by the UPA,  for their general costs, for prejudgment and post-judgment interest, and for such other and further relief as may be permitted by law.

### COUNT IV - LIABILITY OF DEFENDANT ON-LINE RADIOLOGY GROUP, INC. UNDER THE doctrine of *RESPONDEAT SUPERIOR* AND LIABILITY  FOR MEDICAL NEGLIGENCE

43.     Plaintiffs re-allege and incorporate herein as though set forth in the preceding paragraphs of this complaint.

44.     The medical personnel at On Line Radiology Medical Group, Inc., who provided medical care to  the minor Plaintiff Rafe Winn on February 24th and 25th, 2014 at Carlsbad Medical Center in Carlsbad New Mexico, including but not limited to Dr. David Wells,  were employees, ostensible employees, agents and/or apparent agents of Defendant On Line Radiology Medical Group, Inc and were acting within the scope and course of their employment or agency at all such times.

45.     Under New Mexico law, Defendant On Line Radiology Medical Group, Inc., as the employer or principal of said employees, ostensible employees, agents and/or apparent agents is vicariously liable for any negligent acts or omissions of On Line Radiology Medical Group, Inc.'s medical personnel under the doctrine of *Respondeat Superior.*

46.     Defendant On Line Radiology Medical Group, Inc. through its doctors, radiologists, employees, ostensible employees, agents and/or apparent agents were under a duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well qualified radiologist or medical provider, practicing under same or similar circumstances, giving due consideration to the locality involved.

47.     Defendant On Line Radiology Medical Group, Inc. failed to possess and apply the knowledge, skill and care ordinarily used by a reasonably well qualified radiologist or medical provider, acting under same or similar circumstances and giving due consideration to the locality

involved when providing medical diagnoses, treatment and care of the minor Plaintiff Rafe Winn on February 24th and 25th, 2014.

48.     Through its doctors, radiologists, employees, ostensible employees, agents and/or apparent agents, On Line Radiology Medical Group, Inc. breached its duties to the Plaintiffs in one or more of the following ways:

        a.      failing to appropriately and timely examine, test, diagnose and treat Rafe for appendicitis during his hospitalization of February 24th and 25th, 2014 at the Carlsbad Medical Center;

        b.      failing to correctly read and interpret the February 24th 2014 abdominal CT Scan performed at the Carlsbad Medical Center in Carlsbad New Mexico;

        c.      failing to provide Rafe with a surgical consultation for his acute abdomen or potential appendicitis at any time during his hospitalization of February 24th and 25th, 2014 at the Carlsbad Medical Center; and/or

        d.      otherwise failing to act as a reasonably prudent radiologist or medical provider for its patient admitted under a diagnosis of "acute abdominal pain, rule out appendicitis".

49.     The medical negligence of the Defendant On Line Radiology Medical Group, Inc.  also includes failing to implement and/or follow reasonably policies and procedures for the appropriate and timely examination, evaluation, testing, diagnosis, treatment and consultation of its patients admitted to the  Carlsbad Medical Center for acute abdominal pain that requires the need to rule out appendicitis.

50.     Defendant On Line Radiology Medical Group, Inc.'s  negligence was a cause of the minor Rafe Winn's injuries and damages, including but not limited to additional injuries, pain and infection

that   required additional medical treatment, and it is reasonably likely Rafe will require  further

related medical treatment for abdominal adhesions or other related care during his life.

WHEREFORE, Plaintiffs Victoria Winn and Thaddeaus Winn, individually and as parents

and natural guardians of the Plaintiff minor child, Rafe Winn, pray for reasonable compensatory

damages against Defendant On Line Radiology Medical Group, Inc. in an amount to be proven at

trial, for their costs, for prejudgment and post-judgment interest and for such other and further relief

as may be permitted by law.


Respectfully submitted;

WILL FERGUSON & ASSOCIATES

   /s/Robert C. Gutierrez
ROBERT C. GUTIERREZ
*Attorney for Plaintiffs*
10090 Coors Blvd NW Ste A
Albuquerque, NM 87114
Phone: (505)243-5566
Fax: (505)897-2279