IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTORIA WINN and THADDEAUS WINN

    Plaintiffs,

v.                                                                                                                           No. 14-cv-1113 WPL/SMV

CARLSBAD MEDICAL CENTER, LLC, and
ON-LINE RADIOLOGY MEDICAL GROUP, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Complaint [Doc. 1], filed by Plaintiffs on December 9, 2014. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Specifically, the Complaint fails to allege the citizenship of each and every member of Defendant Carlsbad Medical Center, LLC, and also fails to allege both the state(s) of incorporation and the state of the principal place of business of Defendant On-Line Radiology Medical Group, Inc. Therefore, the Court will order Plaintiffs to file an amended complaint no later than January 23, 2015, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## I.  BACKGROUND

On December 9, 2014, Plaintiffs filed their Complaint, asserting complete diversity between Plaintiffs and Defendants and asserting that the amount in controversy exceeds $75,000. [Doc. 1] at 4.  In support of their claim of diversity of citizenship, Plaintiffs report that they are citizens of New Mexico, and Plaintiffs imply that Defendant Carlsbad Medical Center is a citizen of Delaware and that Defendant On-Line Radiology is a citizen of California.  *Id.* at 1–2.

Of relevance to this order, Plaintiffs allege that "Defendant Carlsbad Medical Center, LLC, is and was at all relevant times to this complaint a foreign for profit Delaware limited liability company with its principal place of business located at 2430 W. Pierce St., Carlsbad, New Mexico 88220, and was doing business in Carlsbad, New Mexico[.]"  *Id.* at 2.  However, Plaintiffs make no allegations about the citizenship of the members of Carlsbad Medical Center, LLC.  *See id.*

Additionally, Plaintiffs allege that "Defendant, On-Line Radiology Medical Group Inc., is and was at all relevant times to this complaint a foreign for profit California corporation and was doing business in Carlsbad New Mexico for the purpose of providing radiology medical services[.]"  *Id.*  However, Plaintiffs make no specific allegation about the state(s) in which Defendant On-Line Radiology was incorporated or the location of its principal place of business.  *See id.*

## II.  LEGAL STANDARD

Plaintiffs are required to assert the basis of subject matter jurisdiction in their complaint. Fed. R. Civ. P. 8.  Additionally, the district court must be satisfied that, indeed, it has subject

2

matter jurisdiction.  *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998).  Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time.  *Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908).

### III.  DISCUSSION

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  28 U.S.C. § 1332(a).  Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332.  A corporation is deemed to be a citizen of the state in which it is incorporated *and* in which it maintains its principal place of business.  *See* § 1332(c).  Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of every state in which any of its members are citizens.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, (1990) (the citizenship of business entities is determined by the citizenship of its members); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011) (citizenship of LLC is determined by citizenship of its members); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (same); *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (same); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (same); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (same); *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (same); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (same); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114,

120 (4th Cir. 2004) (same); *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004) (same); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) (same); *THI of N.M. at Vida Encantada, LLC v. Lovato*, 848 F. Supp. 2d 1309, 1317–18 (D.N.M. 2012) (same); *see also Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 925 F.2d 1519, 1522–23 (10th Cir. 1991) (remanding for district court to determine the citizenship of all of the members of the plaintiff partnership).

Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of Defendant Carlsbad Medical Center, LLC, because they fail to allege the citizenship of its members. Plaintiffs may amend their Complaint to properly allege the citizenship of the members of Carlsbad Medical Center, LLC.

Additionally, to adequately plead diversity jurisdiction where one or more parties is a corporation, the party asserting diversity jurisdiction must allege both the state(s) of incorporation *and* the state of the corporation's principal place of business. *See* § 1332(c)(1); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 470 (10th Cir. 1963); *Christenson Media Grp., Inc. v. Lang Indus.*, 782 F. Supp. 2d 1213, 1219 (D. Kan. 2011). Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of Defendant On-Line Radiology because they fail to expressly allege the state(s) of incorporation and fail to allege the state of the principal place of business. Plaintiffs may amend their Complaint to properly allege the citizenship of the members of On-Line Radiology Medical Group, Inc.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs shall amend their Complaint to properly allege diversity of citizenship, if such allegations can be made

in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **January 23, 2015**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **January 23, 2015**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**