## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**VICTORIA WINN and**
**THADDEAUS WINN,**

     **Plaintiffs,**

**v.**                                                                 **No. 14-cv-1113 WPL/SMV**

**CARLSBAD MEDICAL CENTER, LLC;**
**ON-LINE RADIOLOGY MEDICAL GROUP, Inc.;**
**and PECOS VALLEY OF NEW MEXICO LLC;**

     **Defendants.**

## <u>AMENDED INITIAL SCHEDULING ORDER[1]</u>

This case is assigned to me for scheduling, case management, discovery, and all non-dispositive motions. Both the Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court apply to this lawsuit. Civility and professionalism will be required of counsel. Counsel shall read and comply with "A Lawyer's Creed of Professionalism of the State Bar of New Mexico."

The parties, appearing through counsel or pro se, will "meet and confer" no later than **June 4, 2015**, to formulate a Provisional Discovery Plan. Fed R. Civ. P. 26(f). The time allowed for discovery is generally 150 to 180 days and will run from the Rule 16 initial scheduling conference. Initial disclosures under Fed R. Civ. P. 26(a)(1) shall be made within twenty-one days of the meet-and-confer session.

---

[1] The Court issued an Initial Scheduling Order [Doc. 15] ("ISO") on March 25, 2015. On April 17, 2015, Plaintiffs filed an Amended Complaint [Doc. 26], adding Defendant Pecos Valley of New Mexico LLC. Accordingly, the Court vacated the ISO and the telephonic Rule 16 scheduling conference, and stated that the ISO and telephonic Rule 16 scheduling conference would be reset once Defendant Pecos Valley of New Mexico LLC had been served. [Doc. 27]. Defendant Pecos Valley of New Mexico LLC has been served, *see* [Doc. 29], so the Court now issues an Amended ISO.

The parties will cooperate in preparing a Joint Status Report and Provisional Discovery Plan ("JSR"), following the sample JSR available at the Court's web site.  The blanks for suggested/proposed dates are to be filled in by the parties.  Actual case management deadlines will be determined by the Court after consideration of the parties' requests.  Plaintiff (or Defendant in removed cases) is responsible for filing the JSR by **June 18, 2015**.

Parties may not modify case management deadlines on their own.  Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issues from the JSR.

A Rule 16 initial scheduling conference will be held by telephone on **July 8, 2015, at 2:30 p.m.**  Parties shall call Judge Vidmar's "Meet Me" line at **505-348-2357** to be connected to the proceedings.[2]  Counsel shall be prepared to discuss the following:  discovery needs and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert* hearing is needed, *see Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590–92 (1993), initial disclosures, and the timing of expert disclosures and reports under Fed R. Civ. P. 26(a)(2).[3]  We will also discuss settlement prospects, alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c).  Client attendance is not required.

Pre-trial practice in this case shall be in accordance with the foregoing.

---

[2] The "Meet Me" line accepts no more than five incoming telephone lines at a time.  Counsel shall coordinate with each other *prior to the conference* to ensure that no more than five incoming telephone lines are utilized.

[3] In preparing the JSR, counsel should be familiar with the Rule 26 requirements concerning disclosure of expert testimony for witnesses who do not provide a written report.  *See* Fed. R. Civ. P. 26(a)(2)(C).  Summary disclosures are, under certain circumstances, required of treating physicians.  *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008) ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient.").

**IT IS THEREFORE ORDERED** that the deadlines shall be as follows:

**Meet and Confer by:**                                                              **June 4, 2015**

**JSR filed by:**                                                                    **June 18, 2015**

**Initial Disclosures due within 21 days of the
meet-and-confer session, but in no event later than:**                               **June 25, 2015**

**Telephonic Rule 16 Initial Scheduling Conference:**                                **July 8, 2015, at 2:30 p.m.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**