IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTORIA WINN and
THADDEAUS WINN,

    Plaintiff,

v.                                                                               No. 14-cv-1113 JAP/SMV

CARLSBAD MEDICAL CENTER, LLC;
ON-LINE RADIOLOGY MEDICAL GROUP, INC.;
and PECOS VALLEY OF NEW MEXICO, LLC;

    Defendants,

and

CARLSBAD MEDICAL CENTER, LLC;

    Cross-claimant,

v.

ON-LINE RADIOLOGY MEDICAL GROUP, INC.;

    Cross-defendant.[1]

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court sua sponte, following its review of the Second Amended Complaint . . . [Doc. 26] at 3, filed by Plaintiffs on April 17, 2015, and on the Answer of Pecos Valley of New Mexico, LLC . . . [Doc. 35] at 2. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Second Amended Complaint and the Answer, the applicable law, and being otherwise fully advised in the

---

[1] This caption reflects the addition of Defendant Pecos Valley of New Mexico, LLC, as a party, per the Second Amended Complaint [Doc. 26].

premises, concludes that the pleadings fail to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order the parties to confer and to file the appropriate amended pleading(s) no later than August 14, 2015, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## Background

On April 17, 2015, Plaintiffs filed their Second Amended Complaint, adding Defendant Pecos Valley of New Mexico, LLC, and alleging diversity jurisdiction under 28 U.S.C. § 1332. [Doc. 26] at 3, 5. The Second Amended Complaint asserts that there is complete diversity between Plaintiffs and Defendants and that the amount in controversy exceeds $75,000. *Id.* at 5. In support of their claim of diversity of citizenship, Plaintiffs admit that they could not "identify the individual Members of the LLC[.]" *Id.* at 3. Nevertheless, they conclude that "upon reasonable information and belief[,] that there are no Members of Pecos Valley of New Mexico, LLC with New Mexico citizenship or residency." *Id.* In its Answer, Defendant Pecos Valley "admits that it has no members who *reside* in New Mexico." [Doc. 35] at 2 (emphasis added). Otherwise, there are no allegations in the pleadings about the *citizenship* of the members of Defendant Pecos Valley.

## Legal Standard

A plaintiff is required to assert the basis of subject matter jurisdiction in his complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th

Cir. 1998). Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908).

## Discussion

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of *residence* are not enough. *Siloam Spring Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when such residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability companies is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are, therefore, citizens of every state in which any of its members are a citizen. *Siloam Spring*, 781 F.3d at 1234.

Here, the facts set forth in the pleadings do not sufficiently establish the *citizenship* of the members of Defendant Pecos Valley of New Mexico, LLC, and thus do not sufficiently establish diversity jurisdiction. Although the Second Amended Complaint alleges that no member of Defendant Pecos Valley has "New Mexico citizenship," it simultaneously acknowledges that

Plaintiffs could not identify the members of the LLC.  [Doc. 26] at 3.  In its Answer, Defendant Pecos Valley "admits that it has no members who *reside* in New Mexico," but otherwise states that it is without "sufficient information to admit or deny the remaining allegations[.]"  [Doc. 35] at 2 (emphasis added).

The Court will give Plaintiff and Defendant Pecos Valley the opportunity to file amended pleadings to properly allege the citizenship each and every member of Defendant Pecos Valley of New Mexico, LLC, at the time the Second Amended Complaint was filed.  *See Siloam Spring*, 781 F.3d at 1239 ("[T]he relevant time period for determining the existence of complete diversity is the time of the filing of the complaint.").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff and Defendant Pecos Valley shall confer and file the appropriate amended pleading(s) to allege complete diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **August 14, 2015**.

**IT IS FURTHER ORDERED** that if such amended pleading(s) are not filed by **August 14, 2015**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**